UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:22-CR-92 |
| v. | ) | Judge Crytzer |
| | ) | |
| ROGER GLENN BOLAND | ) | |

**UNITED STATES' AMENDED SENTENCING MEMORANDUM**

The United States of America, by the United States Attorney for the Eastern District of Tennessee submits the following sentencing recommendations with respect to the defendant, ROGER GLENN BOLAND. The guideline range for the defendant is life, however, because of the charges to which the defendant has pled guilty, the maximum guideline range is 600 months. (Doc. 38, ¶ 156). For the reasons set forth herein, the United States respectfully submits that a sentence within the guideline range is appropriate and sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a) factors. Defendant should receive 600 months imprisonment followed by lifetime on supervised release.

**STATEMENT OF FACTS**

**1. Overview**

Some criminal acts are so heinous that they are deserving of society's total condemnation. This is one such case. This child predator must be removed from society. PERIOD.

Defendant's criminal acts for which he is pleading guilty opened a "Pandoras Box" of years of incest and sex crimes not only against his own flesh and blood but against other children. This case started when the defendant was discovered distributing an unknown child's child sexual abuse material (CSAM) and what was learned to be CSAM of his daughter/granddaughter. (*Id.* at ¶ 18 &19). As "Pandoras Box" was opened evidence showed a

thirteen year old special needs female child who has Cerebral Palsy, is non-verbal, has a feeding tube, and is in diapers was living with he and his daughter, co-defendant, Shockley. (*Id.* at ¶18). Further, the evidence showed, the defendant had been having sexual relations with his daughter, Shockley for close to two decades. (*Id.* at ¶ 88). Shockley and her sister had been removed from the defendant's home when they were young children for suspected child abuse. (*Id.* at ¶ 85-86). At twenty-three years of age Shockley, knowing about the suspected child abuse on her by the defendant decided to reconnect and ultimately live with the defendant. (*Id.*).

The defendant and Shockley immediately began a sexual relationship. The father and daughter were also raising their minor male relative who is a son/grandson of the defendant and a nephew/brother to Shockley. (*Id.* ¶ 87, 89). The minor child was a product of incest with Shockley's sister who had been raised by the defendant. (*Id.*). Shockley reports while the boy was living with them the defendant wanted to sexually abuse the boy. Shockley claims she protected the child from the abuse.

At some point, Shockley decided she wanted her own child. (*Id.* at ¶ 89). Because Shockley's sister had a child with the defendant and was born with no abnormalities, Shockley told the defendant she wanted a child and the two produced the victim.[1] (*Id.* at ¶ 89). According to Shockley the defendant began sexually abusing his daughter/granddaughter at age six. (*Id.* at ¶ 90). Shockley admitted to performing oral sex on her sister/daughter on two occasions as well as being an active participant in the production of the child pornography of her sister/daughter. (*Id.* at ¶ 90).

The photos the defendant produced of his daughter/granddaughter with Shockley's assistance

---

[1] Shockley told this Assistant United States Attorney (AUSA) that she had been on birth control while in the relationship with her father, the defendant, until the time she wanted to have a child of her own.

showed a female hand with a gold ring spreading the victim's vaginal lips apart. (*Id.* at 74). The hand was identified by Shockley as her own. (*Id.*).

Shockley also reported that the defendant has sexually molested other children over the years most recently the next door neighbor's child. Defendant had approximately 100 images and videos of other CSAM victims in addition to those of his own flesh and blood. (*Id.* at ¶ 81).

### 2. Impact upon defendant's victims

Can a person even begin to understand the impact this defendant has had on his many victims? The impact the defendant has had on his own daughter/granddaughter's simply cannot be contemplated. The defendant literally created her for his own sexual deviance. In doing so she has multiple physical limitations one of which is that she is non-verbal. She is physically unable to relate to anyone what she has had to endure. No one knows what her level of comprehension is or ever will. Hopefully does not have the compacity to understand. The remainder of her life will be spent in a nursing home with strangers attending to her needs. What is the level of impact on the three daughters who were sexually molested by him? What is the level of impact on his son/grandson who was also product of incest who has since learned who his biological father is. Finally, it will remain unknown the number of children who have fallen prey of the defendant who had their bodies sexually raped and or exploited by the defendant when he distributed and possessed their images. The defendant's victims are nothing more than objects to the defendant, to be used for his sexual pleasure.

## ANALYSIS

### 1. The factors stated in 18 U.S.C. § 3553(a) favor a guideline sentence

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary," to meet the following needs as set forth in 18 U.S.C.

§ 3553(a). Specific to the instant case, three factors for consideration are:

>   (A) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant.

**(A) The sentence to be imposed should be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment**

When fashioning an appropriate sentence, the seriousness of the offense, promotion of, respect for the law and just punishment are all factors to consider. The defendant's crimes are serious and heinous, almost more than the human brain can comprehend. Defendant committed incest on a least two occasions for the purpose of having victims he could sexually abuse. He willfully produced child pornography of his special needs child/grandchild, knowing she would NEVER be able to make an outcry or protect herself against him. The minor victim was abused by not only the defendant but by her mother, who as a young adult, chose to have a sexual relationship for decades with her father. The two defendants sexually abused their own flesh and blood for years. If those facts aren't disturbing enough Shockley and the defendant lived off their victim's disability payments her entire life until she was removed from the home and they were arrested.

Molesting his own child/grandchild was not enough for this defendant. Let us not forget the other nameless children defendant victimized by collecting and distributing their child pornography images to other likeminded depraved individuals.

The facts of this case demonstrate the defendant not only lacks respect for the law but more importantly has no respect for the wellbeing of any child. Defendant's actions simply shock the conscience!!! The guideline range reflects the seriousness of the defendant's crimes

and a sentence within that range would provide just punishment.

> **(B) A sentence to include imprisonment would afford adequate deterrence to criminal conduct**

Section 3553(a) also guides the Court to consider the need for a sentence that affords adequate deterrence to criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. A sentence within the guideline is consistent with at least the idea of general deterrence.

In cases involving child violence, there is a critical need for general deterrence. A guideline sentence of six hundred months imprisonment will send a message to would-be child predators to think again before committing any crime against a child especially a sex crime.

As to specific deterrence, permanent damage has been done by the defendant that cannot be undone to many children. Specific deterrence for the defendant is irrelevant because he simply cannot be in society with children. However, a six hundred month imprisonment sentence will ensure the defendant cannot victimize anymore children or produce another child of incest while he is incarcerated.

> **(C) A guideline sentence will protect the public from further crimes by the defendant**

Most importantly, our children need to be protected from the acts of this defendant. The criminal acts this defendant perpetrated and attempted to perpetrate, are incomprehensible to most human beings. Thankfully the reporting system worked and law enforcement reacted immediately. Who knows how far the defendant would have gone in exploiting his daughter/granddaughter and other children? There is NO justification for the crimes of this

defendant. Society's children deserve the security that a known child predator will be off the streets forever.

## CONCLUSION

This defendant has proven himself a menace to children. His criminal acts are that of a depraved individual that cannot function in society. A sentence of imprisonment within the guideline range of six hundred months imprisonment, followed by a lifetime on supervised release, along with assessments and restitution to his victims is necessary and would be consistent with the goals of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: *s/ Jennifer Kolman*
Jennifer Kolman
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
jennifer.kolman@usdoj.gov
GA Bar #427930